Thomas MILLER, Appellant,

v.

Mr. and Mrs. Richard SPENCER, Appellees.

No. 05–86–00696–CV.

Court of Appeals of Texas, Dallas.

June 16, 1987.

Rehearing Denied July 24, 1987.

Edmund Burke, Frisco, for appellant.

Bill Liebbe, Dallas, for appellees.

Before HOWELL, McCLUNG and McCRAW, JJ.

McCRAW, Justice.

Mr. and Mrs. Richard Spencer hired Thomas Miller to construct a foundation and move a house onto their property. When foundation problems developed, the Spencers sued Miller under the Deceptive Trade Practices-Consumer Protection Act[1] (DTPA) and recovered damages for breach of warranty. The jury found that the foundation was fit for ordinary purposes for which foundations are used but that it was unfit for the particular purpose for which it was constructed. In five points of error, Miller complains that the evidence is insufficient and that the trial court erred in refusing certain requested issues. The Spencers present four cross-points, complaining of the court's granting Miller's motion to set aside a default judgment previously entered in the case and of the insufficiency of the attorney's fees awarded. We reverse the judgment of the trial court because of error in failing to submit a special issue concerning Miller's opportunity to cure any defect. Further, the Spencer's cross-points concerning the setting aside of the default judgment are dismissed for want of jurisdiction.

The Spencer's DTPA action was founded upon breach of warranty. The DTPA does not create warranties; therefore, any warranty must be established independently of the Act. *LaSara Grain Co. v. First National Bank of Mercedes,* 673 S.W.2d 558, 565 (Tex.1984). These

---

1. Tex.Bus. & Com.Code Ann. § 17.41 et seq. (Vernon Supp.1987).

warranties are created by contract, by statute, or by common law. *Id.* Texas courts recognize only two common law implied warranties for construction and sale of a house: (1) warranty of habitability; and (2) warranty of construction in a good and workmanlike manner. *Evans v. J. Stiles, Inc.,* 689 S.W.2d 399, 400 (Tex.1985); *Humber v. Morton,* 426 S.W.2d 554, 555 (Tex. 1968).

■ The warranty of habitability requires that a house be safe, sanitary and otherwise fit for humans to inhabit. *Kamarath v. Bennett,* 568 S.W.2d 658, 660–61 (Tex.1978). Good and workmanlike manner has been defined as the manner in which an ordinarily prudent person engaged in similar work would have performed *under similar circumstances. See Muller v. Light,* 538 S.W.2d 487, 489 (Tex.Civ.App.— Austin 1976, writ ref'd n.r.e.); *Westbrook v. Watts,* 268 S.W.2d 694, 698 (Tex.Civ.App. —Waco 1954, writ ref'd n.r.e.). Implicit in the "good and workmanlike" standard is the idea of a reasonable standard of skill and diligence. *New Trends, Inc. v. Stafford-Lowdon Co.,* 537 S.W.2d 778 (Tex.Civ. App.—Fort Worth 1976, writ ref'd n.r.e.); *Westbrook,* 268 S.W.2d at 698. *See also Hartley v. Ballou,* 286 N.C. 51, 60–63, 209 S.E.2d 776, 782–83 (1974). The jury was not asked whether Miller violated the implied warranty of habitability or of good and workmanlike manner of construction.

■ Apparently, the parties tried this suit predicated upon the assumption that chapter two of the Texas Uniform Commercial Code (U.C.C.) created an implied warranty of fitness for a particular purpose applicable to this transaction. *See* Tex. Bus. & Com.Code Ann. § 2.315 (Vernon 1968) (Texas U.C.C.). Chapter two of the U.C.C. is limited, however, to transactions involving the sale of goods. Tex.Bus. & Com.Code Ann. § 2.102. Goods are defined as "all things ... that are movable ... at the time of identification to the contract...." Tex.Bus. & Com.Code Ann. § 2.105. The Texas Supreme Court has clearly stated that the implied warranties of the U.C.C. do not apply to the construction and sale of a house. *G–W–L, Inc. v. Robichaux,* 643 S.W.2d 392, 394 (Tex.1982).

■ Despite the inapplicability of the warranty of fitness, issues were requested and submitted inquiring of the jury whether Miller had reason to know the particular purpose for which the foundation was required, whether the Spencers relied on Miller's skill and judgment, and whether the foundation was fit for the particular purpose known to Miller. The affirmative answers to these issues do not meet the elements required for recovery under the common law implied warranty standard of good and workmanlike manner. *Cf. G–W– L, Inc.,* 643 S.W.2d at 394 (implied warranty of merchantability).

No issue was raised as to whether the trial court's judgment is supported by the verdict of the jury; therefore, any error concerning this point is waived. Tex.R. App.P. 74; *State Farm Mutual Automobile Insurance Co. v. Cowley,* 468 S.W.2d 353, 354 (Tex.1971) (citing Tex.R.Civ.P. 418, predecessor to Tex.R.App.P. 74). We may not reverse, absent error in the trial court, merely because appellee brought this suit on the wrong theory of law. *Davis v. Bryan & Bryan, Inc.,* 730 S.W.2d 643 (Tex. 1987). We will, therefore, indulge in the fiction that chapter two of the Texas U.C.C. governs this breach of warranty action to enable us adequately to consider Miller's points of error. *Printing Center of Texas, Inc. v. Supermind Publishing Co.,* 669 S.W.2d 779, 782–83 (Tex.App— Houston [14th Dist.] 1984, no writ) (court assumed U.C.C. applied to transaction involving services instead of goods).

■ In his fourth point of error, Miller contends that the trial court erred in refusing to submit the following special issue which he requested in writing:

Do you find from a preponderance of the evidence that Defendant was not given a reasonable opportunity to cure the defects, if any, in the house before suit was filed?

Under section 2.607(c)(1) of the Texas U.C.C., a buyer is required to notify a seller that a breach of warranty has occurred in order to allow the seller an oppor-

tunity to cure the defect, if any. *Wilcox v. Hillcrest Memorial Park of Dallas*, 696 S.W.2d 423, 424 (Tex.App.—Dallas 1985), *writ ref'd n.r.e. per curiam*, 701 S.W.2d 842 (Tex.1986). In order to recover under the DPTA for breach of this U.C.C. warranty, the buyer must meet this requirement of notice and opportunity to cure. *Southwest Lincoln-Mercury, Inc. v. Ross*, 580 S.W.2d 2, 4–5 (Tex.Civ.App.—Houston, [1st Dist.] 1979, no writ); *Import Motors, Inc. v. Matthews*, 557 S.W.2d 807, 809 (Tex. Civ.App.—Austin 1977, writ ref'd n.r.e.)

The burden of alleging and proving proper notice and opportunity to cure is on the Spencers as buyers. Tex.Bus. & Com.Code Ann. § 2.607(c)(1); *Ross*, 580 S.W.2d at 4–5; *Matthews*, 557 S.W.2d at 809. Issues relating to opportunity to cure must be classified as issues "relied upon by the opposing party." Tex.R.Civ.P. 279. Although Miller *requested* the submission of the issue, he did not *object* to its omission. Rule 279 provides that the failure to submit an issue shall not constitute reversible error unless its submission was requested in substantially correct form by the complaining party; however, where the omitted issue is one relied upon by the opposing party an objection to the omission of such issue shall be sufficient. Although Rule 279 requires only an objection by Miller, he may also point out the omission by tendering the special issue to the court. *Morris v. Holt*, 714 S.W.2d 311, 312 (Tex. 1986); *Clarostat Manufacturing Co. v. Alcor Aviation*, 544 S.W.2d 788, 795 (Tex.Civ. App.—San Antonio 1976, writ ref'd n.r.e.).

Since 'opportunity to cure' is an essential element of this U.C.C. breach of warranty action, Miller was entitled to a special issue if 'opportunity to cure' were raised by the pleadings and the evidence. Tex.R.Civ.P. 279. Miller pleaded 'no opportunity to cure' as an affirmative defense. Richard Spencer testified that Miller came out to view the foundation and recommended certain curative measures. These measures differed from those suggested to the Spencers by a structural engineer. Miller refused to fix the foundation as the structural engineer recommended, and the Spencers refused to allow Miller to implement the curative measures he suggested. In the context under which this case was tried, albeit an erroneous one, we hold that this evidence is sufficient to support submission of a special issue concerning Miller's opportunity to cure any defects. A trial judge may refuse to submit an issue only if no evidence exists to warrant its submission. *Brown v. Goldstein*, 685 S.W.2d 640, 641 (Tex.1985); *Garza v. Alviar*, 395 S.W.2d 821, 824 (Tex.1965). The trial court erred in failing to submit the properly requested special issue to the jury. *Clarostat*, 544 S.W.2d at 793–94. Because reversal and remand is merited in response to this point of error, we need not address Miller's remaining points of error.

We must briefly address the Spencers' first two cross-points. They contend that the trial court erred in granting Miller's motion to set aside a default judgment previously entered in the case, and request this Court to reinstate the default judgment. The Spencers' complaint is separate and distinct from the judgment from which Miller appeals; we cannot consider these cross-points since the Spencers have not separately perfected an appeal. *See Barnsdall Oil Co. v. Hubbard*, 130 Tex. 476, 109 S.W.2d 960, 963–64 (1937); *Yates Ford, Inc. v. Benavides*, 684 S.W.2d 736, 740 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.) *Young v. Kilroy Oil Co. of Texas*, 673 S.W.2d 236, 241 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). We, therefore, dismiss the Spencers' first two cross-points. Because we reverse the judgment of the trial court, we need not address appellees' third and fourth cross-points.

The judgment of the trial court is reversed, and the cause remanded for new trial.