David R. BOLTON, Trustee, et
al., Appellants,

v.

Eusebio ALVARADO, et al., Appellees.

No. 01–86–00017–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 10, 1988.

Rehearing Denied Nov. 10, 1988.

Joe S. Maida, Maida & Feldt, Houston, for appellants.

Robert H. Fisher, Carl, Lee, Fisher & Coselli, Houston, for appellees.

Before EVANS, C.J., and JACK SMITH and WARREN, JJ.

OPINION ON REMAND

WARREN, Justice.

On rehearing, we withdraw our previous opinion on remand and substitute the following opinion.

In our original opinion, *Bolton v. Alvarado*, 714 S.W.2d 119 (Tex.App.—Houston [1st Dist.] 1986), *rev'd*, 749 S.W.2d 47 (Tex. 1988) (op. on reh'g), we held that in the absence of a finding of fraud or mistake, the doctrine of merger precluded the purchasers of land from recovering on their suit for the breach of an earnest money contract. The Supreme Court of Texas, in *Alvarado v. Bolton*, 749 S.W.2d 47, reversed our decision, holding that the doctrine of merger may not be applied to defeat a cause of action under the Deceptive Trade Practices Act ("DTPA"), Tex.Bus. & Com.Code Ann. §§ 17.01–.93 (Vernon 1987), based on a breach of an express warranty contained in an earnest money contract and breached by deed. The supreme court remanded this case so that we could consider several points of error raised by the parties that were not considered in our original opinion. We will discuss the facts only as are necessary to this opinion, and we refer

**216**

to our original opinion for a more complete factual statement.

The essential facts are very simple. Appellees had purchased lots of land in Fort Bend County from Bolton, as trustee. The earnest money contracts did not reserve any mineral rights to the grantors, but on consummation of the sale, the deeds specifically reserved to the grantors the remaining one-half of the mineral rights. Four of the appellee buyers testified that they were told by a Mr. Evans, the realtor selling the lots for Bolton, that the appellees were to receive one-half of the mineral rights. The appellees' suit prayed for rescission of that portion of the deed reserving minerals to the grantors, for damages under the DTPA, and for attorney's fees.

The jury answered the issues as follows: (1) appellees were not induced by the earnest money contract to believe that they were purchasing the minerals owned by David Bolton, Trustee; (2) David Bolton, Trustee, intended by the earnest money contract to sell the minerals he owned; (3) David Bolton, Trustee, breached an express warranty in the earnest money contract by reserving minerals in the deeds to the appellees; (4) the reservation of minerals by David Bolton, Trustee, in the deeds was a producing cause of economic loss to appellees; (5) David Bolton's refusal to reform the deeds and convey the mineral interests to plaintiffs was not an unconscionable act; (6) David Bolton's denial of plaintiffs' ownership of the minerals and his continued claim to the minerals was not an unconscionable course of action; (7) Bolton's conduct as found by the jury was not committed knowingly; and (8) appellees' attorney was entitled to "$0" fees for work expended in the action.

The court entered judgment reforming the deeds and conveying the one-half mineral interests to the appellees; creating a constructive trust for the appellees on monies collected by appellants and to be collected in the future as a result of the oil and gas production; trebling the amount collected; and awarding appellees damages for that amount. The judgment also awarded $30,000 in attorney's fees for trial, reducing that amount by $8,000 if no appeal was taken to the court of appeals and if no writ of error to the supreme court was accepted; however, if writ of error was accepted, then the original amount of $30,000 would be awarded.

We consider only those contentions raised in points of error and cross-points that were not addressed in our original opinion.

■ Appellants first claim that the evidence was legally and factually insufficient to support a judgment against them by all but four of the appellees, who were plaintiffs in the trial court, because there was no testimony elicited by or on behalf of the other appellees. They contend that only four appellee grantees testified that they were orally promised that they would receive one-half of the mineral estates in their lots. The earnest money contract and the deed to each tract conveyed were introduced into evidence. As a matter of law, the writing in the earnest money contract was insufficient to reserve any mineral interest in appellants. The jury found that appellants breached the earnest money contract by reserving mineral rights in the deeds to appellees. There was no testimony by any of the parties concerning any oral or written agreement amending the earnest money contract. Therefore, the court and jury had before it the two instruments, and decided that the mineral reservation in the second instrument, when there was no such reservation in the first, constituted a breach. Such proof, in the absence of any other, is sufficient to support the finding of a breach of warranty as to all 11 of the appellees.

We consider appellants' next claims that appellees did not perfect their claim under the DTPA, because they failed to show that appellees gave notice under the DTPA.

■ Appellants specifically objected to the submission of issues under the DTPA on the ground that "there was no statutory letter notice sent to the defendants apprising them of the fact that the Deceptive Trade Practice Act was being involved." However, appellants neither pled nor offered proof showing non-receipt of notice.

Section 17.50A[1] of the act provided in part:

> In an action brought under Section 17.50 of this subchapter, actual damages only and attorney's fees reasonable in relation to the amount of work expended and court costs may be awarded where the defendant: ...
> (2) proves that he had no written notice of the consumer's complaint before suit was filed...."

The burden is on the defendant, in such an action, to plead and prove that he is entitled to the affirmative defense afforded by section 17.50A. *Jim Walter Homes, Inc. v. Geffert*, 614 S.W.2d 843 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); *Chrysler-Plymouth City, Inc. v. Guerrero*, 620 S.W.2d 700 (Tex.App.—San Antonio 1981, no writ); *Ridco, Inc. v. Sexton*, 623 S.W.2d 792 (Tex.App.—Fort Worth 1981, no writ).

Because appellants neither pled nor offered proof concerning lack of notice, this defense, afforded by the statute, was waived.

Appellants' fifth point of error is overruled.

Appellants' remaining two points of error urge that the court erred in awarding attorney's fees because (1) there was no evidence of an agreement for appellees to pay their attorney for his services, and (2) there was no evidence that such fees were reasonable in relation to the amount of work expended, as required by section 17.50A.

The jury answered "$0" to all issues inquiring about the amount of reasonable attorney's fees. The court disregarded the jury's answer and the testimony of appellees' attorney, Mr. Fisher, and awarded an amount that it apparently considered reasonable.

Mr. Fisher, the only witness who testified about attorney's fees, said that he did not keep a record of his time spent on the case, but that he did go through his files, and estimated that he had spent approximately 184 hours on the case since 1980, and would spend another 40 hours on it; that he charged $125 an hour; and that the hours spent multiplied by the hourly rate would amount to a total of $28,000. There was no testimony as to the reasonableness of the fee or of the time expended, and there was no testimony or other evidence showing that the charges were reasonable in relation to the amount of time expended as required by section 17.50A.

We sustain the appellants' seventh point of error, concluding that the court was not authorized to award reasonable attorney's fees in the face of the jury's findings of "$0" attorney's fees. *Doerfler v. Espensen Co.*, 659 S.W.2d 929 (Tex.App.—Corpus Christi 1985, no writ). The testimony did not conclusively establish an amount of attorney's fees reasonable in relation to the amount of work expended.

By their cross-point, appellees contend that the court erred in not awarding the amount of attorney's fees sought by appellees. Appellees would be entitled to that amount only if it were proved as a matter of law. As mentioned previously, appellees' proof fell short because they failed to prove the fees in accordance with section 17.50A.

Appellees' cross-point of error is overruled.

That part of the judgment awarding attorney's fees is reformed to reflect the jury verdict of "$0" attorney's fees. The judgment is affirmed as reformed.

1. Ch. 216, sec. 6, 1977 Tex.Gen.Laws 604, *amended by* ch. 603, sec. 5, 1979 Tex.Gen.Laws 1330–31, *amended by* ch. 167, sec. 5.02(4), (5), 1987 Tex.Gen.Laws 1361.