Doug **LEGGETT** d/b/a Modern Appliances, Appellant,

v.

Homer **BRINSON** and Anna Mae Brinson, Appellees.

No. 08–91–00098–CV.

Court of Appeals of Texas, El Paso.

Oct. 2, 1991.

Jeffrey F. Thomason, Todd, Barron & Thomason, P.C., Odessa, for appellant.

Shelby J. Bush, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Midland, for appellees.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a bench trial judgment for $4,126.00 that was based upon an action brought under the Deceptive Trade Practice-Consumer Protection Act (DTPA). We reverse and remand in part and affirm in part.

■ Point of Error No. One complains of the trial court's failure to file findings of fact and conclusions of law. Subsequent to the trial, the trial judge left office due to an expired term. His successor recused himself from the case. Findings of fact and conclusions of law were filed after the filing of the briefs. Generally, late filing is harmless unless injury is shown. *Gomez v. Gomez*, 577 S.W.2d 327, 330 (Tex.Civ. App.—Corpus Christi 1979, no writ). In addition, the issue has not been briefed and is, therefore, waived. *Valero Transmission Company v. Wagner & Brown*, 787 S.W.2d 611, 614 (Tex.App.—El Paso 1990, dism. by agr.). Point of Error No. One is overruled.

■ Point of Error No. Two contends the trial court erred in admitting the testimony of the plaintiffs. It is alleged that interrogatories were made requesting disclosure of all persons having knowledge of the case, and the plaintiffs failed to list themselves, and, therefore, should have been precluded from testifying. There are no interrogatories of record before us. The burden is on the Appellant to see that a sufficient record is presented to show error requiring reversal. Tex.R.App.P. 50(d); *Haynes v. McIntosh*, 776 S.W.2d 784 (Tex.App.—Corpus Christi 1989, writ denied). Point of Error No. Two is overruled.

■ In that many of the following points of error concern legal and factual insufficiency assertions, we set forth here the standards of review we apply to such points to avoid repetition under each of them. In considering a "no evidence" legal insufficiency point, we consider only the evidence which tends to support the trial court's findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). A factual insufficiency point requires us to examine all of the evidence in determining whether the finding in question is so against the great weight and preponder-

ance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951). The reviewing court cannot substitute its conclusions for those of the fact finder. If there is sufficient competent evidence of probative force to support the finding, it must be sustained. *Carrasco v. Goatcher*, 623 S.W.2d 769 (Tex.App.—El Paso 1981, no writ). It is not within the province of the court to interfere with the fact finder's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. *Benoit v. Wilson*, 239 S.W.2d 792 (Tex.1951). Where there is conflicting evidence, the fact finder's finding on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v. Scharrenbeck*, 204 S.W.2d 508 (Tex.1947); *Clark v. National Life & Accident Ins. Co.*, 145 Tex. 575, 200 S.W.2d 820 (1947).

 Point of Error No. Three alleges legal and factual insufficiencies of the evidence to support attorney's fees. There was no evidence offered in respect to attorney's fees. Appellees contend that the trial court may take judicial notice of the reasonableness of attorney's fees under Tex.Civ.Prac. & Rem.Code § 38.001 et seq. (Vernon 1986). In actions under the DTPA, reasonableness of the fee claimed must be established by evidence. *Smith v. Smith*, 757 S.W.2d 422 (Tex.App.—Dallas 1988, writ denied). Appellees claim a collateral action of breach of warranty would warrant an award under § 38.001 et seq. The third amended petition is grounded solely under the DTPA, and judgment is expressly based upon violations of the DTPA. The judgment must conform to the pleadings. Tex.R.Civ.P. 301. No exception to the judgment was made to the trial court by the Appellees, and any recovery under a breach of warranty was waived. *Wm. S. Baker, Inc. v. Sims*, 589 S.W.2d 492 (Tex. Civ.App.—Dallas 1979, writ ref'd n.r.e.). Appellant has prayed for a reversal and rendering of judgment by this Court. The amount and reasonableness of attorney's fees is a question of fact to be determined by the court or jury as any other fact issue and as such is required to be supported by competent evidence. *Boaz Well Service,*

*Inc. v. Carter*, 437 S.W.2d 38 (Tex.Civ. App.—Fort Worth 1969, no writ). While this issue resembles any other issue in that respect on the trial level, the issue takes on an additional and unique characteristic on the appellate level. In determining whether an award of attorney's fees is excessive, it is the responsibility of the Court of Appeals to draw on the common knowledge of the justices of the Court and their experience as lawyers and judges, taking into consideration the testimony, the record and the amount in controversy. *Terminix International, Inc. v. Lucci*, 670 S.W.2d 657 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.); *Jack Roach Ford v. De Urdanavia*, 659 S.W.2d 725 (Tex.App.—Houston [14th Dist.] 1983, no writ); *Argonaut Insurance Company v. ABC Steel Products Co., Inc.*, 582 S.W.2d 883 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.). The Court of Appeals must exercise this responsibility in determining that an award of attorney's fees is arbitrary. *Gunter v. Bailey*, 808 S.W.2d 163 (Tex.App.—El Paso 1991, no writ).

 An appellate court is not authorized to reverse the judgment of a trial court on the grounds that the case has not been fully developed. It may only reverse for error committed at trial. *Sears, Roebuck & Company v. Marquez*, 628 S.W.2d 772 (Tex.1982). The award of reasonable and necessary attorney's fees under the DTPA is mandatory. *Satellite Earth Stations East, Inc. v. Davis*, 756 S.W.2d 385 (Tex.App.—Eastland 1988, writ denied). Drawing upon my experience as a lawyer and a judge, the record reflects some evidence of reasonable and necessary attorney's fees due and owing. The trial court determined the amount under the erroneous theory of judicial notice. This constitutes reversible error and requires the case to be remanded for a new trial. When a trial court grants an award of attorney's fees without any evidence in the record to support such an award, the proper action on appeal is to remand that part of the judgment awarding attorney's fees for a determination of the reasonableness of the amount of attorney's fee to be awarded.

*Smith* at 426. Point of Error No. Three is sustained as to insufficiency of the evidence only.

Point of Error No. Four contends that the Appellant is not liable in his individual capacity, as his actions were solely the actions of an agent for his corporation. Tex.R.Civ.P. 93(2) requires a verified pleading to establish that a defendant is not liable in the capacity in which he is sued. His failure to do so in this case results in a waiver of the right to complain under this point of error. *Horton v. Robinson*, 776 S.W.2d 260, 266–267 (Tex.App.—El Paso 1989, no writ). Point of Error No. Four is overruled.

What appears to be Point of Error No. Five and the argument thereunder, is the following statement:

> In the case of *Aguilar vs. Autohaus, Inc.*, [sic] 794 S.W.2d 459, (Tex.Civ.—Dallas, 1990 writ refused), the Court found too general to be an actionable misrepresentation a salesman's representation that "Mercedes–Benz was the best engineered car in the world". (Appellant's Brief at 10).

The *Autohaus, Inc.* case held that "puffing" can be a defensive matter under the DTPA. The evidence does not support this proposition in this case. Point of Error No. Five is overruled.

Point of Error No. Six alleges that the trial court erred in finding that the "Appellant" [sic] was entitled to recover against the Appellant when there is no evidence, or insufficient evidence, that the Appellant was given a reasonable opportunity to cure the alleged defects in the refrigerator. There are references to evidence in the argument under the point, but there is no reference to their location in the record as "required" by Tex.R.App.P. 74(e) [*Inpetco, Inc. v. Texas American Bank/Houston*, 729 S.W.2d 300 (Tex.1987) ] and which is so much appreciated by the intermediate courts.

■ A buyer is required to notify a seller that a breach of warranty has occurred in order to allow the seller an opportunity to cure the defect, if any. Tex.Bus. & Com.Code Ann. § 2.607(c)(1) (Vernon 1968); *Miller v. Spencer*, 732 S.W.2d 758 (Tex.App.—Dallas 1987, no writ).

■ The Appellant sold the Appellees a top of the line, expensive refrigerator. There were installation and door adjustment problems. These were cured. There were also ice maker problems. A repair company that was a service agent for the manufacturer of the refrigerator made several unsuccessful attempts to repair the unit. The agent for the Appellant also unsuccessfully attempted to repair the unit. According to the testimony of the Appellant and his agent, a new unit was finally purchased, but when the agent took it to the home of the Appellees, he was refused admittance. This was after the initiation of the lawsuit.

The Appellant pleaded that the Appellees failed to give a reasonable opportunity to repair as a defense. The trial court made no specific findings in reference to this issue. No additional findings were requested, although this Court takes note that the original findings were filed after the briefs in this case were filed. The trial court did, however, impliedly find against the Appellant on this issue by finding the new unit was not offered until after the commencement of the lawsuit. There is sufficient evidence to support this conclusion. Point of Error No. Six is overruled.

Point of Error No. Seven alleges that there is no evidence or insufficient evidence of notice given by the Appellees to the Appellant of the defect. There is more than sufficient evidence of notice to satisfy Tex.Bus. & Com.Code Ann. § 2.607(c)(1) under the *Miller v. Spencer* case. Defective notice under Tex.Bus. & Com.Code Ann. § 17.50 (Vernon 1987 & Supp.1991) was not raised through special exceptions, plea in abatement or objection to testimony relating to the consumer's DTPA claim, and thereby was waived. *Miller v. Presswood*, 743 S.W.2d 275 (Tex.App.—Beaumont 1987, writ denied); *Brown Foundation Repair and Consulting, Inc. v. McGuire*, 711 S.W.2d 349 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *Pool Company v. Salt Grass Exploration, Inc.*, 681

S.W.2d 216, 219 (Tex.App.—Houston [1st Dist.] 1984, no writ). Point of Error No. Seven is overruled.

■ Point of Error No. Eight claims the trial court erred by awarding damages when there was no evidence or insufficient evidence of the value of the refrigerator. The trial court found $695.43 in actual damages.

The Appellees petitioned generally for damages, including an award for deprivation of the purchase price money, consequential damages and mental anguish. No special exception was filed to contest the pleadings. There is testimony that $2,700.00 was paid for the refrigerator during the first week of March 1988. The amount of $364.42 was paid to modify the kitchen for this particular refrigerator. The cost of replacing the ice maker would be approximately $140.00. There was testimony that Appellees had to purchase ice at an approximate cost of $23.00 a month for the spring months, and approximately $34.00 a month for the summer months. There is sufficient evidence to support the award. Point of Error No. Eight is overruled.

Point of Error No. Nine alleges the trial court erred in failing to find the Appellant was entitled to recover against Appellees on his counterclaim under § 17.50(c), Tex. Bus. & Com.Code Ann. As in most other points of error made in this case, the point is unbriefed and uncorrelated to the record. Point of Error No. Nine is overruled because of waiver. *Valero Transmission Company at 614.*

The matter of attorney's fees is severed and judgment of the trial court pertaining to attorney's fees is reversed and remanded for a new trial. In all other respects, judgment of the trial court is affirmed.

KOEHLER, Justice, concurring.

I concur with the foregoing opinion and the results with respect to all of Appellant's points of error except the reasoning with reference to Point of Error No. Three, a point asserting no evidence to support the award of attorney's fees. The record is totally devoid of any evidence regarding attorney's fees or the reasonableness or necessity of such fees. The findings of fact do not mention attorney's fees. In such cases, an award of attorney's fees cannot stand and must be reversed. *Smith v. Smith*, 757 S.W.2d 422 (Tex.App.—Dallas 1988, writ denied). As a general rule in a case where a no evidence point has been sustained and the Appellant has requested that judgment be rendered, the judgment should be reversed and rendered, unless the evidence has not been fully developed and in the interest of justice a remand would be proper. *Williams v. Safety Casualty Co.*, 129 Tex. 184, 102 S.W.2d 178 (Tex.1937). An appellate court should not remand a case just to give an appellee another bite of the apple. A record with no evidence to support an award of attorney's fees cannot be metamorphosed into a record with some evidence merely by this Court taking judicial notice that the preparation and trial of any lawsuit requires time and effort and therefore attorney's fees.

However, since this is a DTPA case, a different rule must apply simply because Tex.Bus. & Com.Code Ann. § 17.50(d) (Vernon 1987) mandates attorney's fees:

> (d) Each consumer who prevails *shall* be awarded court costs and reasonable and necessary attorneys' fees. [Emphasis added].

Under these circumstances, the proper action is to remand the case to the trial court for a determination of reasonable and necessary attorney's fees based upon evidence even though there was no evidence to support an award in the first trial. *Smith* at 426; *Hennessey v. Skinner*, 698 S.W.2d 382, 386 (Tex.App.—Houston [14th Dist.] 1985, no writ); *First National Bank of Irving v. Shockley*, 663 S.W.2d 685, 691 (Tex.App.—Corpus Christi 1983, no writ).

OSBORN, Chief Justice, dissenting.

I agree with Justice Woodard's opinion that "[t]here was no evidence offered in respect to attorney's fees." Likewise, I agree with his statement that an appellate court is not authorized to reverse the judgment of a trial court on the grounds that the case has not been fully developed. I

also agree with Justice Koehler's concurring opinion that "[a]n appellate court should not remand a case just to give an appellee another bite of the apple." Therefore, I respectfully dissent to a remand for a new trial on attorney's fees.

Perhaps the real issue is: Does the Texas Deceptive Trade Practices Act § 17.-50(d), which provides that each consumer who prevails shall be awarded reasonable and necessary attorney's fees, void the application of the "no evidence" rule? I conclude that it does not.

In *Bolton v. Alvarado*, 762 S.W.2d 215 (Tex.App.—Houston [1st Dist.] 1988, writ denied), the Court reversed and rendered a trial court's award of $30,000.00 in attorney's fees after a jury finding of "$0" for such services. The net result was that there was no award of attorney's fees for a party who was successful in a suit under the DTPA.

If an award is mandatory, what should be the action of the trial court where after the evidence is presented without any evidence on attorney's fees and plaintiff's counsel announces to the court that "the plaintiff rests". Does the trial judge say "I can not accept that announcement. The plaintiff can only rest after proper evidence is presented on attorney's fees." I believe most trial judges would be shocked by such a rule but that is basically the result we reach today. Or if plaintiff's counsel says "[r]ather than delay the trial while I obtain an expert witness, plaintiff will waive attorney's fees," does the "shall be awarded" clause cause the trial judge to say "[n]o waiver will be permitted." I do not believe so. The statute was written for the protection of the consumer. Those consumers who do not seek the benefits of the statute should be treated like all other litigants who come to court without evidence of some element of their case. They face the burden of having the "no evidence" rule applied to their case. Appellant seeks a rendition on this phase of the case. I would grant that relief.