IMPORT MOTORS, INC., a Texas Corporation, Appellant,

v.

Robert MATTHEWS et ux., Appellees.

No. 12591.

Court of Civil Appeals of Texas, Austin.

Oct. 5, 1977.

Rehearing Denied Nov. 30, 1977.

Samuel D. McDaniel, Austin, for appellant.

Malcolm N. Greenstein, Austin, for appellees.

SHANNON, Justice.

Appellees, Robert Matthews and Susanne Goar Matthews, sued appellant, Import Motors, Inc., in the county court at law of Travis County, for alleged breaches of warranty in connection with the sale of a new Volvo automobile. Appellees did not sue the manufacturer of the automobile. After trial to the court, judgment was entered against appellant for treble damages in the sum of $1,350, and for attorney's fees in the sum of $1,550.

In their trial pleading, appellees alleged that within a month from the date of the purchase, the automobile began to use an "inordinate" amount of oil. On several occasions appellees returned the automobile to appellant seeking its assistance in correcting the oil problem. In May, 1974, appellees took their vehicle to another automobile repair shop. There it was discovered that the oil leak had damaged the clutch to the extent that it had to be replaced. The clutch job cost $181.43. Appellees pleaded, among other things, that appellant had committed a deceptive trade practice under the Deceptive Trade Practices Act, Tex.Bus. & Comm.Code Ann. § 17.41, et seq., (1973), in impliedly representing that its repair service was of customary quality within the automobile repair business, when, in fact, the service was substantially below that standard.

Appellees also complained of a malfunctioning "auto-stereo cassette tape player" which they purchased from appellant at the same as the automobile. Although the tape deck was twice replaced by appellant, appellees insisted that the most recent replacement would not function properly. Appellees demanded $162.00 in damages for loss of use of the tape deck and for the value of three tapes destroyed by the faulty tape deck. As basis for recovery, appellees alleged, in part, a "breach of the implied warranty of proper repair or effective replacement" of the "cassette" which entitled them to treble damages and attorney's fees under the Deceptive Trade Practices Act, Tex.Bus. & Comm.Code Ann. § 17.41, et seq.

After entry of judgment and upon request, the court filed findings of fact and conclusions of law. The court found that appellant made good faith efforts to repair the oil leak on each occasion that the automobile was delivered to appellee. Upon the last visit to appellant for repairs, appellees accepted the automobile and were satisfied that the oil leak had been corrected. The court found that about six months after appellees' last visit to appellant, the automobile "was again leaking oil," and the leak was the same leak that appellant had previ-

ously attempted to correct. At that time, appellees gave no notice to appellant of the oil leak and afforded appellant no further opportunity to correct the leak, but instead took the automobile to another automotive repair shop. The court was of the opinion that appellant's last repair work was not done in a good and workmanlike manner. The court also found that the clutch of the automobile was damaged by the leaking oil and that the leakage of oil, apparent at the time of the delivery of the automobile to the other repair shop, was caused by the unworkmanlike repair of appellant six months previously.

With respect to the tape deck, the court found that it was a replacement item under the terms of the Volvo warranty. Appellant replaced the tape deck at all times when a replacement unit was available from the manufacturer. Whatever defects existed in the tape decks did not result from appellant's installation.

The court concluded, in part, that there was "an implied warranty of good workmanship of the repair of the oil leak" extending from appellant in favor of appellees, and that because appellant had breached that warranty, appellant was responsible for the cost of repairs made by the other repair shop. The court concluded further that the manufacturer was responsible for furnishing a "satisfactory and operational cassette tape player and that despite the Defendant not having made any warranty whatsoever as to the condition of the cassette tape player, the Defendant is nevertheless liable for the defective cassette player because of its agency relationship to the manufacturer of the automobile." The court also concluded that appellant was not guilty of any violation of Tex.Bus. & Comm.Code Ann. § 17.46. Finally, the court concluded that Section 2.607(c)(1) of Tex.Bus. & Comm.Code concerning notice and opportunity to cure defects was not applicable to the case.

Although appellant attacks the judgment by thirteen points of error, we find it necessary to discuss only two points. Appellant urges that the trial court erred in concluding that Tex.Bus. & Comm.Code Ann. § 2.607(c)(1), concerning notice and opportunity to cure defects, was not applicable to the case. Section 2.607(c)(1) is set out below:

"(c) Where a tender has been accepted
(1) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy" * * *

■ Appellees' suit is one for breach of warranty, the breach being the foundation for appellees' claim for treble damages under the Deceptive Trade Practices Act. Section 2.607(c)(1) requires notification by the buyer to the seller that a breach of warranty has occurred. *Winter v. Honegger's & Co., Inc.,* 215 N.W.2d 316 (Iowa, 1974), Uniform Commercial Code Comment § 5 following § 2.607, cf. *Melody Home Manufacturing Company v. Morrison,* 502 S.W.2d 196 (Tex.Civ.App.1973, writ ref'd n. r. e.). Because appellees did not notify appellant of the reoccurrence of the oil leak so as to afford appellant an opportunity to cure the leak, appellees were barred from recovering on the basis of breach of warranty.

■ Appellant also attacks the conclusion of the county court that appellant was responsible for the defective tape deck ". . . because of its agency relationship to the manufacturer of the automobile."

In its findings and conclusions the court absolved appellant of any negligence in the installation of the tape decks, because the court was of the opinion that the problem was in the manufacturer of the tape decks. The court concluded further that the defective tape decks were the responsibility of the manufacturer, and not appellant.

Appellees assert in their counterpoint that the court ". . . correctly concluded that defendant breached its warranty in regard to the cassette player." Appellees' argument under the counterpoint is devoted, in the main, to a marshalling of the evidence which supports the court's supposed conclusion. One problem with appellees'

counterpoint and supporting argument is that, contrary to their assertion, the court concluded in conclusion of law number six that appellant *did not* make ". . . any warranty whatsoever as to the condition of the cassette tape player . . ."

Other facts that should be noticed are that although Volvo warranted the tape deck in the Volvo sale agreement, appellant's representative explained the warranty to appellees. In so doing, the court found appellant did not make any character of warranty to appellees.

The fact that appellant handles Volvo automobiles and delivers and explains the manufacturer's warranty to purchasers, does not make appellant liable on the manufacturer's warranty. *Wilson County Peanut Company v. Hahn,* 364 S.W.2d 468 (Tex. Civ.App.1963, no writ), *Bill McDavid Oldsmobile, Inc. v. Mulcahy,* 533 S.W.2d 160 (Tex.Civ.App.1976, no writ). Appellant's point of error is sustained.

The judgment is reversed and judgment is here rendered that appellees take nothing.