**HODGE BOATS AND MOTORS et al., Appellants,**

v.

**Steven W. KING, Appellee.**

**No. 8177.**

Court of Civil Appeals,
Beaumont.

Feb. 8, 1979.

Rehearing Denied March 8, 1979.

Jerry V. Pennington, Orange, for appellants.

Buddie J. Hahn, Vidor, for appellee.

DIES, Chief Justice.

Plaintiff below, Steven W. King, sued National County Mutual Fire Insurance Company (National) and Hodge Boats and Motors (Hodge) for damage done to his boat motor. Plaintiff alleged that the damage was either done by a foreign object in which case it should be covered by his insurer, National, or by an inherent defect in which case it should be covered by the manufacturer's warranty (Mercury Marine).

Hodge was the dealer from whom King bought the motor. In his first amended original petition, King plead that if the damage was not due to a foreign object or owner abuse Hodge was liable for breach of warranty and was in violation of the Deceptive Trade Practices—Consumer Protection Act. In the alternative, King plead that if the damage was due to owner abuse Hodge was liable on a negligence theory for failure to instruct plaintiff concerning the proper manner to operate the boat.

Trial was to a jury, and, prior to the submission of special issues, the court granted an instructed verdict for National. The jury found that Hodge had breached an express warranty. The court concluded that this breach was a violation of the Deceptive Trade Practices—Consumer Protection Act, *Tex.Bus. & Comm.Code § 17.50* (Vernon Supp.1978); found that plaintiff had suffered $1,400 actual damages; and, pursuant to *subsection b of § 17.50*, awarded plaintiff $4,200 in treble damages, and court costs and attorney fees of $1,625. The court further ordered that plaintiff take nothing from defendant National. From this judgment, defendant Hodge perfects this appeal.

■ There is a serious question here whether Hodge made any warranty. The "Limited Warranty" in our record is from Mercury warranting the motor "to be free from defects in material and workmanship." It further excepted damage caused by ". . . abnormal operation or improper installation. . . ." The delivery of the manufacturer's warranty to the purchaser by the dealer does not make a dealer a party to that instrument. *Bill McDavid Oldsmobile, Inc. v. Mulcahy,* 533 S.W.2d 160, 164 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). See also *Import Motors, Inc. v. Matthews,* 557 S.W.2d 807 (Tex.Civ.App.—Austin 1977, writ ref'd n. r. e.).

■ But laying aside this problem, we agree with appellants that plaintiff offered no evidence of a defect in parts or workmanship. After the motor was installed by Hodge, plaintiff raised it on the transom to achieve more speed. Plaintiff's only witness on defect was Mr. David Carnley, who did not examine the motor until approximately one and one-half years after the damage. Carnley gave several causes for scored pistons:

1. Improper fitting.
2. Inadequate lubrication.
3. Excessive r. p. m.'s.
4. Advanced timing.
5. Low octane gas.

It should be noted that three of the above reasons would be due to owner abuse.

■ Carnley was asked: "Is it correct then that you cannot state affirmatively that there was a defective part or defective workmanship in putting this engine together that caused the damage?" He replied: "Yes, and I also state that I can't state that there wasn't either." This burden was on plaintiff consumer. See *Woods v. Littleton,* 554 S.W.2d 662, 669 (Tex.1977); *Joc Oil Aromatics, Inc. v. Commercial Fuel Oil Co.,* 564 S.W.2d 490 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). If the evidence establishes no more than a surmise or suspicion as to the existence of the ultimate fact as found by the jury, there is no legally sufficient evidence to support the answer. *W. D. Haden Co. v. Ryman,* 362 S.W.2d 133 (Tex.Civ.App.—Houston 1962, writ ref'd). The judgment of the trial court is reversed, and it is rendered that plaintiff, Steven W. King, recover nothing of and from defendant Hodge Boats and Motors.

REVERSED and RENDERED.