Dr. John **BARNETT**, Plaintiff,

v.

**MENTOR H/S, INC.,** Defendant.

**Civ.A.No. 3:99–CV–1993–P.**

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 2, 2001.

508

Lloyd Ward, Vickers & Ward, Dallas, TX, for plaintiffs.

· Kelly J. Hunt, Jones Day Reavis & Pogue, Dallas, TX, Richard I. Werder, Jr., Edward J. Sebold, John Q. Lewis, Jones Day Reavis & Pogue, Cleveland, OH, for defendants.

Robert Davis Hemphill, Jr., Stollenwerck Moore & Silverberg, Dallas, TX, for movant.

## MEMORANDUM OPINION AND ORDER

SOLIS, District Judge.

Now before the Court are the following:

1. Defendant Mentor H/S, Inc.'s Motion for Summary Judgment and Brief in Support, filed on November 2, 2000;

2. Plaintiff's Response to Motion for Summary Judgment and Brief in Support, filed on November 27, 2000;

3. Plaintiff's Motion to Strike Summary Judgment Declarations and Brief in Support, filed on November 27, 2000;

4. Mentor H/S, Inc.'s Brief in Opposition to Plaintiff's Motion to Strike and Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment, filed on December 12, 2000;

5. Mentor H/S, Inc.'s Motion for Leave to File Supplemental Reply in Support of Defendant's Motion for Summary Judgment, filed on January 5, 2001; and

6. Plaintiff's Objection and Response to Defendant's Motion for Leave to File Supplemental Reply in Support of Defendant's Motion for Summary Judgment, filed on January 16, 2001.

For the reasons set forth below, the Court concludes that Defendant's Motion for Summary Judgment should be GRANTED as to all of Plaintiff's claims. Furthermore, Defendant's motion for leave to file a supplemental reply is also hereby GRANTED. The Court DENIES Plaintiff's objections to the summary judgment evidence relied upon by the Court and DENIES AS MOOT the objections to evidence upon which the Court did not rely.

## BACKGROUND

Plaintiff John Barnett is a surgeon who, among other things, performs breast implant surgery. On or about January 1996, Barnett purchased saline breast implant devices from Defendant Mentor H/S ("Mentor"), which manufactured the devices. After successfully completing a number of breast implant surgeries, Barnett alleges that from January 1996 to June 1998, he was forced to replace forty-one (41) defective Mentor devices that had been implanted in his patients. Barnett states that the breast implants were replaced due to a loss of fluid, or deflation.

Barnett originally filed this suit in the District Court of Dallas County, Texas, on July 13, 1999, and on September 3, 1999, Defendant removed this action to federal court based on diversity of the parties. Barnett brings the current lawsuit, alleging claims of breach of contract, fraud, strict products liability and violation of the Texas. Deceptive Trade Practices Act ("DTPA"), and seeks to recover damages for the implant replacement surgeries.

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and of identifying those portions of the record that demonstrate such an absence. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The party defending against the motion for summary judgment cannot defeat the motion unless he provides specific facts that show the case presents a genuine issue of material fact, such that a reasonable jury might return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment. *Id.* at 248–50, 106 S.Ct. 2505; *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir.1993). In other words, conclusory statements, speculation and unsubstantiated assertions will not suffice to defeat a motion for summary judgment. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir.1996) (en banc). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case, and on which he bears the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548.

■ Finally, the Court has no duty to search the record for triable issues. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 403 (6th Cir.1992). The Court need only rely on the portions of submitted documents to which the nonmoving party directs. *Id.*

## II. PLAINTIFF'S MOTION TO STRIKE SUMMARY JUDGMENT DECLARATIONS

Plaintiff makes numerous challenges to Defendant's summary judgment evidence. Def. Reply at 1–3. Specifically, Plaintiff objects to the declarations of Leslie Russell and Jeanne Prin Wyatt. First, Plaintiff argues that the declarations are not properly authenticated. However, Defendant addresses this objection by filing a Supplemental Appendix to its Motion for Summary Judgment. Second, Plaintiff argues that neither Russell nor Wyatt were designated as witnesses. Because the Court's decision on summary judgment is reached without reliance upon the declaration of Russell or the exhibits contained therein, the objections to her declaration are deemed moot. With regard to Wyatt, Plaintiff objects that Defendant did not list Wyatt as an expert witness. However, Defendant does not present Wyatt as an expert witness. Rather, Defendant submits her testimony in connection with her position as Manager of the Product Evaluation Department. Def.App. at 73. During the discovery period, Defendant had properly designated Wyatt as a "person with knowledge." Def. Resp. to Plf. Interrog. (2).

## III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. Proof of Defect Required for Plaintiff's Claims

■ Mentor asserts that Barnett has not stated a cause of action for his breach of contract, fraud, and DTPA claims because he has failed to provide proof of a product defect, which is the basis of each of Plaintiff's claims. Barnett argues, however, that he has set forth the requisite evidence to show that the breast implants were defective. Having reviewed the summary judgment record and the relevant case law, the Court agrees that Plaintiff has failed to present sufficient evidence that the breast implant devices purchased from Defendant were defective in nature.

■ To state a cause of action for breach of contract, a plaintiff must prove (1) the existence of a contract; (2) the defendant breached its duties under that contract; and (3) the breach caused damages to the plaintiff. *Snyder v. Eanes Ind. School Dist.*, 860 S.W.2d 692, 695 (Tex.App.—Austin 1993, writ denied).

The elements required for fraud in Texas are (1) that a material misrepresentation was made; (2) that it was false; (3) that when the speaker made it, he knew it was false or made it recklessly, without any knowledge of the truth and as a positive assertion; (4) that he made it with the intention that it be acted upon by the party; (5) that the party acted in reliance upon it; and (6) that he thereby suffered injury. *1488, Inc. v. Philsec Inv. Corp.,* 939 F.2d 1281, 1287 (5th Cir.1991) (citing *Stone v. Lawyers Title Ins. Corp.,* 554 S.W.2d 183, 185 (Tex.1977)). Additionally, the elements of a DTPA claim include a false, misleading or deceptive act or practice that constituted a producing cause of actual damages. *Busse v. Pacific Cattle Feeding Fund,* 896 S.W.2d 807, 817 (Tex. App.—Texarkana 1995, n.w.h.). Finally, to establish a cause of action based on strict products liability, a plaintiff must prove: (1) the product is defective; (2) the product reached the consumer without substantial change from the time it left the possession and control of the manufacturer; (3) the defective condition of the product rendered it unreasonably dangerous; and (4) the unreasonably dangerous condition of the product caused injury to the user. Restatement (Second) of Torts § 402A (1985).

Each of these causes of action is founded on Plaintiff's claim that Defendant supplied him with defective breast implant devices. In his breach of contract claim, Barnett argues that Mentor breached the contract between them by providing defective implant devices in violation of its representations that "the product would be free of defects, that the product would be replaced free of charge should any defect be found, and that the product was of the type and quality needed by Plaintiff in order to perform the necessary surgery." Plf. Pet. at 4. A plaintiff must prove that the good complained of was defective in order to substantiate such a breach of contract claim. *Nobles v. Sofamor, S.N.C.,* 81 F.Supp.2d 735, 741 (S.D.Tex.1999); *Hodge Boats & Motors v. King,* 578 S.W.2d 890, 891 (Tex.Civ.App.—Beaumont 1979, writ denied).

Similarly, Plaintiff alleges that Defendant committed fraud by deceiving buyers into believing that the implant devices were free of defects. Such a claim necessarily requires that Barnett can prove that the implants were *not* free of defects. Likewise, Barnett's DTPA claim is premised on his allegation that Mentor violated the DTPA by failing to meet its contractual obligation to provide a defect-free product. Again, the burden is on Barnett to establish that a defective part or the defective manufacturing of the breast implants caused the damage. *Hodge Boats & Motors v. King,* 578 S.W.2d 890, 891 (Tex.Civ. App.—Beaumont 1979, writ denied). Consequently, for these claims to stand, Barnett must prove that the breast implant devices were defective at the time they left the manufacturer's possession. *Nobles,* 81 F.Supp.2d at 741; *Hodge Boats & Motors,* 578 S.W.2d at 891.

Plaintiff argues that it has presented more than adequate evidence to show that the breast implant devices provided by Defendant were defective, including: (1) FDA inspection reports; (2) independent consultant's report; (3) Consent Decree of Permanent Injunction, entered into by and between the FDA and Defendant; and (4) Defendant's Form 10–K for the fiscal year ending March 31, 1999. Each of these reports discusses generally the deficiencies in Mentor's manufacturing, product design, and quality assurance programs, but does not focus on or even address the issue of whether a defect existed in any of the specific breast implants supplied to Barnett. Instead, Barnett uses the reports and other evidence to form a conclusory allegation that the alleged deflation problems must be the result of inadequacies at Mentor's manufacturing facility. The Court has reviewed the summary judgment evidence submitted by Barnett and finds that the evidence establishes no more than a surmise or suspicion as to the existence of a defect in the implants received

by Barnett. Thus, there is no legally sufficient evidence to support Plaintiff's contention that a defect existed.

The Court reaches this conclusion notwithstanding the evidence provided by Mentor that, after an inspection and evaluation of the breast implants returned by Plaintiff for replacement, there were no defects detected in any of the implant devices. Specifically, Mentor asserts that the alleged deflation was either non-existent (i.e., there was no leakage) or due to other causes, such as medical instrument damage, or body tissue or other foreign matter affecting the implant valve. Def. App. at 79–92. This court finds that Barnett has not presented competent summary judgment evidence to controvert Mentor's evidence that the implants were not defective.

Accordingly, the Court finds that Plaintiff has not raised a genuine question of material fact as to his breach of contract, fraud, and DTPA claims, and Defendant's motion for summary judgment as to these claims is granted.

## B. Breach of Contract Claim

■ Even assuming, *arguendo*, that Barnett had provided sufficient evidence to prove a defect existed in the implants supplied to him, his breach of contract claim still fails as a matter of law because Plaintiff has not established that the contract between Mentor and Barnett included the terms he alleges.

In his Petition, Plaintiff alleges that he contracted with Defendant to purchase silicone shell saline-filled breast implants. That contract, according to Plaintiff, included representations made by Mentor's agents and employees that "the product would be free of defects, that the product would be replaced free of charge should any defect be found, and that the product was of the type and quality needed by Plaintiff in order to perform the necessary surgery." Plf. Aff. at 1; Plf. Pet. at 4. Plaintiff further claims that Mentor's agents and employees represented that "the saline-filled mammary prostheses would be factory tested to stringent specifications which would allow a zero (0) tolerance for defects." Plf. Aff. at 1–2; Plf. Br. at 2. Barnett argues that such representations as well as the written documentation, such as brochures, flyers, pamphlets, invoices, returned prostheses with attached waiver forms, billings, and product evaluation forms, supply the terms of the contract. Plf. Aff. at 1–3; Plf. Br. at 17. Plaintiff asserts that, in failing to meet the contractual terms, Defendant is in breach of the contract between them.

In response, Defendant argues that Barnett has not produced any written agreements or identified any valid or binding oral agreements containing the contractual terms alleged by Plaintiff in his Petition. Having reviewed the summary judgment evidence, the Court agrees with Defendant and finds that the written documentation between the parties fails to establish the contractual terms as described by Barnett. Specifically, Barnett provides no documentation stating that Mentor's implants would be "free of defects" or "factory tested to stringent specifications which would allow a zero (0) tolerance for defects." To the contrary, the written documentation submitted to the Court indicates that Mentor never promised a defect-free product.

For example, the Lifetime Product Replacement Policy for Mentor H/S All–Saline–Filled Mammary Implants ("Replacement Policy"), Plf.App., Exh. A, and Product Insert Data Sheet ("PIDS"), Def. App. at 98–184, directly contradict Plaintiff's contention that Mentor represents its product as free of defects. Plaintiff acknowledges receiving Mentor's Replacement Policy, which he includes as Exhibit A and submits as proof of his alleged contractual terms. The Replacement Policy specifically states that Mentor will replace any implant free of charge "due to deflation or due to loss of shell or valve integrity" during the lifetime of the patient. Plf.App., Exh. A. Such a state-

ment, which was provided to Barnett in writing, suggests exactly the opposite conclusion from that alleged by Plaintiff. Furthermore, the PIDS, which is included in each shipment of implants, also indicates that Mentor does not promise a defect-free product.[1]

The only evidence proffered by Barnett establishing that Mentor represented its product as defect-free is his affidavit, which describes oral representations made by Mentor's agents and employees.[2] Under the circumstances, and in light of the written documentation, Mentor's oral statements, if made, would appear to be mere puffing. Barnett, as a skilled person in the field with knowledge about the products he purchases and uses, has not produced sufficient evidence that Defendant made these oral representations or that the representations constituted more than mere puffing.

Accordingly, because Barnett fails to prove that Mentor promised to provide implant devices free of defects, and given that the summary judgment evidence directly contradicts Barnett's assertion, the Court concludes that Plaintiff has failed to raise a genuine issue of material fact as to his breach of contract claim. Therefore, Defendant's motion for summary judgment is granted as to that claim.

### C. Fraud and DTPA Claims

As discussed previously, to establish a cause of action for fraud, a plaintiff must show, among other things, that (1) a material misrepresentation was made; (2) it was false; and (3) when the speaker made it, he knew it was false or made it recklessly, without any knowledge of the truth

and as a positive assertion. *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1287 (5th Cir.1991) (citing *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex. 1977)). In addition, the elements of a DTPA claim include a false, misleading or deceptive act or practice that constituted a producing cause of actual damages. *Busse v. Pacific Cattle Feeding Fund*, 896 S.W.2d 807, 817 (Tex.App.—Texarkana 1995, n.w.h.).

■ Barnett has provided no evidence of any misrepresentations or fraudulent statements made by Mentor.[3] Without more, Plaintiff's claims for fraud and under the DTPA must fail as a matter of law. Accordingly, summary judgment is granted as to Plaintiff's fraud and DTPA claims.

### D. Product Liability Claim

■ Again, assuming, *arguendo*, that Barnett had proven that the breast implants he received were defective in nature, his product liability claim still fails as a matter of law because he seeks economic losses only, which are not recoverable under a product liability theory under Texas law.

■ Barnett alleges that the defective implant devices caused him to incur business damages by "having to replace numerous defective prostheses." Plf. Br. at 24. After reviewing the relevant case law, the Court finds that Barnett is precluded from recovering purely business losses, which are his only alleged damages. In Texas, the economic loss doctrine prohibits a plaintiff from recovering such economic losses under any product liability theory.

---

1. Plaintiff states that Mentor alleges to have placed the PIDS in each shipment of mammary prostheses. Yet, Barnett never denies having received this insert. Notwithstanding Barnett's failure to refute his receipt of the PIDS, he asserts that the product data sheet is directly contradicted by the information actually received by him in flyers and brochures. Barnett, however, does not provide any of these flyers or brochures to the Court.

2. Barnett states in his affidavit that he "was approached by *individuals* who were selling saline-filled mammary prostheses made by Mentor H/S, Inc." Plf. Aff. at 1 (emphasis added). Plaintiff does not provide any names. He simply states that these individuals were acting within their capacity as agents and employees of Mentor. *Id.*

3. For a more detailed discussion, see *supra* Part III–B.

*See Nobility Homes of Texas, Inc. v. Shivers,* 557 S.W.2d 77, 80 (Tex.1977). Accordingly, because Barnett has not alleged any damages to his person or property, Defendant is granted summary judgment as to Plaintiff's product liability claim.

## CONCLUSION

Upon careful review of the parties' arguments, the summary judgment record, and the relevant law, the Court concludes that Plaintiff Dr. John Barnett has failed to demonstrate a material dispute of fact as to all four of his claims. Accordingly, Defendant's motion for summary judgment is hereby GRANTED as to each of Barnett's claims. Furthermore, Defendant's motion for leave to file a supplemental reply is also hereby GRANTED. The Court DENIES Plaintiff's objections to the summary judgment evidence relied upon by the Court and DENIES AS MOOT the objections to evidence upon which the Court did not rely.

**So Ordered.**