**WAGNER & BROWN II, Appellant,**

v.

**VALERO TRANSMISSION COMPANY, Appellee.**

No. 08–86–00343–CV.

Court of Appeals of Texas, El Paso.

Aug. 5, 1987.

Rehearing Denied Sept. 2, 1987.

---

**2.** Appellant did not testify nor did he present any evidence in his behalf.

**64**

Rufus Wallingford, Murray Fogler, Fulbright & Jaworski, Houston, for appellant.

Tim G. Sralla, Shannon, Gracey, Ratliff & Miller, Fort Worth, for appellee.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION

SCHULTE, Justice.

Wagner & Brown II, a partnership, filed a limited appeal of only that portion of the judgment of the court which relates to the denial of its breach of contract cause of action and the granting of a declaratory judgment. Appellant excepts to the defining of the obligations of Valero Transmission Company under the take-or-pay provisions of the Gas Purchase Contract. We affirm.

Appellant and Appellee entered into the Gas Purchase Contract effective October 1, 1984, wherein Appellant was seller and Appellee, together with Texas Utilities Fuel Company (TUFCO), were "Buyer." The take-or-pay clause provides in pertinent part:

Buyer agrees, ... to receive and purchase or pay for if available for delivery and not taken, and Seller agrees to deliver and sell, subject to the limitations and conditions herein elsewhere provided, an average daily quantity of gas (Daily Contract Quantity) equal to ninety percent (90%) of Seller's Delivery Capacity....

There is no dispute that during the past period in question (1985), Valero Transmission Company and TUFCO together bought ninety-three percent total, Valero Transmission Company took forty-three percent and TUFCO took fifty percent. Appellant contended that each of the buyers is obligated to take forty-five percent and that it was entitled to damages for breach from Valero Transmission Company in that it only purchased forty-three percent. Appellant also sought a declaratory judgment based on this same concept. Appellee responded that the obligation was met when Appellee and TUFCO together took ninety-three percent.

The portion of the trial court's judgment with which we are confronted here did not involve the jury which found damages in favor of Wagner & Brown II, against Appellee and others, in a companion case bearing our Cause No. 08–87–00049–CV which is being decided in a separate opinion issued this date. The limited problem here arises in view of the further provision in the Gas Purchase Contract which provides:

It is understood that the rights of Valero and TUFCO and their obligations pursuant to this Contract will be several and separate, not joint, each having 50% of any interest herein expressed in them jointly; and each bearing only 50% responsibility as to any obligation expressed herein as the joint obligation of the two companies.

The judgment complained of was signed November 10, 1986. Although posed in definitive formula format, the essential declaration of the court in its judgment denied Appellant any past damages and determined that for the future, Valero Transmission Company's obligations would be satisfied in any year that Valero purchased at least forty-five percent of Appellant's delivery capacity, or when the combined purchases of TUFCO and Valero were at least ninety percent. We agree with this interpretation.

The law of contracts requires that the court examine and consider the entire

writing in an effort to harmonize and give effect to all of the provisions of the contract so that none will be rendered meaningless. *Coker v. Coker,* 650 S.W.2d 391, 394 (Tex.1983). Our primary concern should be to give effect to the true intentions of the parties. *Skyland Developers, Inc. v. Sky Harbor Associates,* 586 S.W.2d 564, 568 (Tex.Civ.App.—Corpus Christi 1979, no writ).

■ The rights and obligation clause between Valero and TUFCO above set forth is just that. It sets forth the relationship that obtains between the two buyers. It does not enlarge upon Appellant's right. Appellant's right to have ninety percent of its delivery capacity bought by Valero and TUFCO is not thereby enlarged and is as set out in the take-or-pay clause first extracted above. We do not interpret the Valero-TUFCO relationship clause to contradict or alter the effect of the take-or-pay provision. *Coker,* supra. The separate rights and obligation clause, we believe, is one to limit liability, not to increase obligation. As we view it, Appellant's right was fully satisfied in 1985 by the full performance of TUFCO and Valero as buyers acting together, and we would not declare otherwise for the future. It is a fundamental rule of law that, without a breach of legal right belonging to the plaintiff, no cause of action arises or can accrue to his benefit. *American Nat. Ins. Co. v. Hicks,* 35 S.W.2d 128 (Tex.Comm'n App.1931, judgment adopted); *Housing Authority, etc. v. State ex rel. Velasquez,* 539 S.W.2d 911 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.).

The single point of error asserting that the trial court erred in denying Appellant damages against Valero under the contract for gas not taken and in denying a declaratory judgment as prayed is overruled.

The judgment is affirmed.