# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-00-00134-CV

**Elizabeth E. Horwood, Individually and as Executrix of the Faye M. Hildebrand Estate, Lonnie Horwood, Larry Horwood, Lenard Horwood, Lisa Horwood Orsak, Finis Westbrook and wife, Mary Lou Westbrook, et al., Appellants**

v.

**Wagner & Brown II, A Partnership, and Wagner & Brown Ltd., Appellees**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT NO. A-96-0946-C, HONORABLE CURT F. STEIB, JUDGE PRESIDING

Elizabeth E. Horwood, individually and as executrix of the Faye M. Hildebrand estate, Lonnie Horwood, Larry Horwood, Lenard Horwood, Lisa Horwood Orsak, Finis Westbrook and wife, Mary Lou Westbrook, et al.,[1] ("appellants") brought suit seeking to recover portions of proceeds Wagner & Brown II, a partnership, and Wagner & Brown Ltd. ("Wagner & Brown") had

---

[1]    In addition to the named parties, June Foster, independent executrix of the estate of William Foster II, Oneta Foster, independent executrix of the estate of J.Q. Foster, Florine A. Price, independent executor of the estate of Foster S. Price, R.T. Foster, Jr., independent executor of the estate of Raymond T. Foster, Marilyn Foster Drake, Janet Westbrook, Robert Westbrook, J. Alvin Hay, independent executor of the estate of Ina Hunton Conger, Jennie May Ray Carlisle, Texas Commerce Bank Midland, trustee of the James J. Ray trust, Sam McElroy Ray IV, independent executor of the estate of Mary Ingle Ray, Sam McElroy Ray IV, Robert Ingle Ray, James R. Currie, Mary D. Currie, James David Glass, David Lawrence Glass, James Lynn Glass, Willene Glass Boger, James R. Currie and Mary D. Currie are also included.

received as a result of three lawsuits dealing with gas production activities on appellants' properties. The trial court granted summary judgment for Wagner & Brown and denied appellants' motion for partial summary judgment. We will affirm.

## FACTS

Appellants are royalty owners with executive rights or non-participating royalty interest owners in lands located in Sterling and Glasscock Counties. Wagner & Brown is an oil and gas producer and the lessee under oil and gas leases covering some of appellants' properties. The wells on appellants' properties produce casinghead gas. Wagner & Brown has a separate lease with each royalty owner. However, a standard royalties clause is included in each of Wagner & Brown's leases with appellants and reads as follows:

> The royalties to be paid by lessee are: . . . (b) on gas, including casinghead gas and all gaseous substances, produced from said land and sold or used off the premises or in the manufacture of gasoline or other product therefrom, the market value at the mouth of the well of one-eighth of the gas so sold or used, provided that on gas sold at the wells the royalty shall be one-eighth of the amount realized from such sale.

Appellants seek to enforce this provision and collect royalties on amounts Wagner & Brown collected as a result of three lawsuits concerning production activities on appellants' properties.

Appellants sued Wagner & Brown for their revenue interest in monies collected by Wagner & Brown as a result of three separate lawsuits: (1) a take-or-pay suit against Valero Transmission Company ("Valero"), (2) a wrongful curtailment suit against Valero, and (3) a suit for damage to the leasehold against Dow Chemical Company ("Dow").

2

### *Wagner & Brown's Relationship with Valero and Dow*

Appellants and Wagner & Brown entered into their lease agreements between 1973 and 1975. Once the drilling activities on appellants' lands ceased, Wagner & Brown entered into a gas purchase agreement with Lo-Vaca Gathering Company and Texas Utilities Fuel Company ("TUFCO").[2] The gas purchase agreement contained a take-or-pay clause, by which Valero was obligated to take a certain quantity of gas reserved and made available for delivery each year at a specified price, or to pay for that quantity of gas if it was not taken. This provision guaranteed Valero that a certain quantity of gas would be made available at a specified price. It also guaranteed a minimum payment to Wagner & Brown each year of the contract.

In March 1985, Wagner & Brown sued Valero, on a wrongful curtailment theory, for violating the Texas Railroad Commission's rules relating to the priority system establishing what types of gas purchasers must take if the pipelines employed have limited capacity. Wagner & Brown's casinghead gas enjoyed high priority. The Railroad Commission's rules required Valero to continue purchasing Wagner & Brown's casinghead gas, and stop purchasing lower priority gases, in the event that its pipelines reached capacity. Valero failed to comply with these priority rules. Wagner & Brown's wrongful curtailment suit against Valero was tried to a jury, which returned a verdict for Wagner & Brown in the amount of $6,515,704.00. Final judgment was entered and affirmed on appeal; Valero paid the judgment plus interest for a total of approximately $7.1 million.

---

[2] By 1984, Lo-Vaca had been transformed into Valero. For the purposes herein, all references to Lo-Vaca or Valero will be made as "Valero."

In 1987, Wagner & Brown sued Valero for a take-or-pay deficiency for production year 1986. Valero had not taken the quantity of gas it had reserved in the gas purchase agreement. On May 4, 1989, a final judgment was rendered for Wagner & Brown in the amount of $16,772,128.25. The court of appeals affirmed, and Valero filed an application for writ of error with the Texas Supreme Court. In August 1990, Wagner & Brown and Valero settled all pending claims against one another, including the take-or-pay claim pending in the supreme court. Appellants contend that $22.5 million of that settlement was allocated specifically to the take-or-pay lawsuit by Wagner & Brown.

Finally, Wagner & Brown sued Dow for damage caused by improper service to a number of wells on appellants' properties. The lawsuit alleged negligence, breach of contract, fraud, breach of warranty, and DTPA violations. The jury found in favor of Wagner & Brown; an $18 million judgment was rendered in June 1989.

### Appellants' Claims

Appellants advance three theories of recovery applicable to the take-or-pay action, the wrongful curtailment action, and the action for damage to the leasehold: (1) breach of the express terms of the royalty provisions, (2) violation of implied lease covenants, and (3) unjust enrichment. In 1996, both parties filed summary judgment and partial summary judgment motions. At that time, two cases that could decide the issues in the current lawsuit were working their way through the appellate system. *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881 (Tex. 1998); *TransAmerican Natural Gas Corp. v. Finkelstein*, 933 S.W.2d 591 (Tex. App.—San Antonio 1996, writ denied). Consideration of the summary judgment motions was stayed until both of these cases were resolved.

4

Upon final resolution of *HECI* and *Finkelstein*, the trial court heard the motions and granted summary judgment for Wagner & Brown.

**DISCUSSION**

Because the propriety of summary judgment is a question of law, we review the trial court's decision *de novo*. *See McCarthy Bros. Co. v. Continental Lloyds Ins. Co.*, 7 S.W.3d 725, 728 (Tex. App.—Austin 1999, no pet.); *Rylander v. 3 Beall Bros. 3, Inc.*, 2 S.W.3d 562, 566 (Tex. App.—Austin 1999, pet. denied). When both sides move for summary judgment and the trial court grants one motion and denies the other, we review the summary-judgment proof presented by both sides and determine all questions presented. *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). If we find error, we must render the judgment the trial court should have rendered. *Id*.

For discussion purposes, we will follow the parties' organizational structure and discuss the issues based on Wagner & Brown's lawsuits against Valero and Dow.

*The Take-or-Pay Lawsuit*

Appellants recognize that the general rule in Texas is that under a standard production-based royalty clause, royalties are not due until actual production—the severance of the minerals—occurs. *See Alameda Corp. v. TransAmerican Natural Gas Corp.*, 950 S.W.2d 93, 97 (Tex. App.—Houston [14th Dist.] 1997, writ denied). Payments made to a lessee under the take-or-pay provision serve to secure, for the purchaser, the right to purchase that quantity of gas not taken in the year for which payment was made. *See Finkelstein*, 933 S.W.2d at 598. The payment ensures the exclusive *dedication* of gas reserves for the recoupment period. *See id.* Because the payments

5

are made specifically for gas *not produced*, the lessee does not owe royalties. *See id.* A royalty owner's right to payment under these circumstances is no longer an open question in Texas. *Alameda*, 950 S.W.2d at 99.

Appellants attempt to distinguish their case because (a) the damages formula was judicially determined and approved on appeal,[3] (b) the take-or-pay suit reached a final judgment, and (c) the royalty provision contains language that allots "one-eighth of the amount realized from such sale" to appellants. We are not persuaded. The formula, determined by a trial court and approved on appeal, was derived in order to calculate the amount of money owed to Wagner & Brown under the take-or-pay provision. But the relevant case law clearly states that money paid under a take-or-pay provision is for gas *not produced*. *See Finkelstein*, 933 S.W.2d at 599. Appellants fail at their attempt to avoid this cardinal principle. Appellants also attempt to distinguish their case on grounds that Wagner & Brown's take-or-pay suit ended with a final judgment rather than a settlement. We see no relevant distinction between disposition by judgment or settlement in this context. Finally, the "one-eighth . . . realized" clause in the provision refers specifically to "gas sold at the wells." Appellants simply cannot escape the fact that the money realized by Wagner & Brown was for gas *not sold*. The take-or-pay provision appears in the gas purchase contract between Wagner & Brown, the producer, and Valero, the buyer. Appellants are strangers to the contract itself. Because the

---

[3] The take-or-pay damages formula was created by the court in the "wrongful curtailment" suit between Wagner & Brown and Valero and approved on appeal. *Wagner & Brown II v. Valero Transmission Co.*, 737 S.W.2d 63 (Tex. App.—El Paso 1987, writ denied). In the take-or-pay lawsuit, the trial court relied on that formula in calculating the damages owed for breach of the take-or-pay provision in the 1986 calendar year. That decision was affirmed on appeal and writ of error was pending in the Texas Supreme Court when the parties settled. *Valero Transmission Co. v. Wagner & Brown II*, 787 S.W.2d 611 (Tex. App.—El Paso 1990, writ dism'd.).

6

damage amount was pursuant to the contract between Wagner & Brown and Valero, there can be no unjust enrichment.

Appellants' claim concerning an implied covenant was sufficiently addressed in *HECI*. Courts may not freely imply covenants in mineral leases and make contracts for the parties. *HECI*, 982 S.W.2d at 888. A covenant may be implied if (1) the express terms of the agreement so clearly indicate contemplation of a covenant that the parties deemed it unnecessary to express it, or (2) it is necessary to infer such a covenant in order to effectuate the full purpose of the contract as gathered from the written instrument. *Id.* Since the take-or-pay clause appears only in the contract between Wagner & Brown and Valero, neither the contemplation of the parties nor the purpose of the contract is sufficient to give rise to an implied covenant with regards to a third party.

### The Wrongful Curtailment Lawsuit

Appellants acknowledge in their brief that their express and implied covenant claims are subject to a four-year limitations period. *See Amoco Prod. Co. v. Alexander*, 622 S.W.2d 563, 571 (Tex. 1981). Additionally, the limitations period for appellants' unjust enrichment claim is two years. *See HECI*, 982 S.W.2d at 885. The undisputed facts establish that Wagner & Brown's wrongful curtailment suit against Valero was filed in March 1985. The present lawsuit by appellants against Wagner & Brown was filed in November 1991, over six years later.

The appellants' cause of action against Wagner & Brown accrued concurrently with Wagner & Brown's cause of action against Valero. *See id.* The facts of this case resemble those in *HECI*. In both, a third party violated Texas Railroad Commission rules regarding the production of gas. As a result, both the royalty owners and the lessees were damaged. The supreme court held that

7

the cause of action for damages accrued for *both* the royalty owner and the lessee. *See id.* Wagner & Brown was able to maintain a cause of action against Valero in the wrongful curtailment suit that was filed in March 1985. Therefore, appellants' potential cause of action against both Valero and Wagner & Brown would have necessarily arisen during or prior to March 1985. By the time appellants filed suit, on or about November 20, 1991, both the four and two-year statutes of limitations had run.

However, appellants seek to overcome their limitations deficiencies by asserting that estoppel, quasi-estoppel, and the discovery rule bar Wagner & Brown's use of its statute of limitations defense. As the party asserting equitable estoppel to defeat limitations, appellants had the burden to prove: (1) a misrepresentation or concealment of a material fact, (2) made with knowledge of the fact, (3) to a party without that knowledge or means to acquire it, (4) with the intention that it be acted on, and (5) reliance to that party's detriment. *See AT&T Corp. v. Rylander*, 2 S.W.3d 546, 556 (Tex. App.—Austin 1999, pet. denied); *see also Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex. 1991).

Appellants contend that they failed to timely file suit against Valero because of their reliance on statements made by Wagner & Brown. Under the rules of estoppel, a party may be precluded from asserting a limitations defense if that party induced its opponent not to file suit. *Leonard v. Eskew*, 731 S.W.2d 124, 129 (Tex. App.—Austin 1987, writ ref'd n.r.e.). In a letter Wagner & Brown sent to appellants, Wagner & Brown stated that it would "continue to maintain and represent the concerns of all of the leasehold owners." Appellants claim that this statement misled them into believing that the royalty owners would share in proceeds from the Valero litigation.

8

Appellants also claim that the statement acted as inducement not to file suit. However, this letter was sent to appellants in reference to an entirely separate and unrelated lawsuit. The letter stated that it was sent regarding a severance tax reimbursement suit against Valero and TUFCO. Appellants' purported reliance on this statement unreasonably extends the statement's intended purpose beyond a realistic application. *See id.* at 129. While the term "continue to maintain and represent" may bind Wagner & Brown in the tax lawsuit, it does not bind Wagner & Brown in all future lawsuits. Accordingly, appellants have failed to demonstrate that the statement meets the requirements of estoppel. We need not examine whether the letter acts as a quasi-estoppel in light of its context and stated reference.

Appellants also claim the discovery rule bars the application of limitations. This issue was addressed by the supreme court in *HECI*. *See HECI*, 982 S.W.2d at 886. The discovery rule should be applied in cases where the nature of the injury is inherently undiscoverable and the injury itself is objectively verifiable. *Id*. The supreme court held that the royalty owners' injuries, resulting from a third party's failure to follow Railroad Commission rules, were not inherently undiscoverable and the discovery rule could not be used to overcome a limitations deficiency. *Id*. The facts in the present case lead us to the same conclusion. Hence, the trial court correctly concluded that appellants' claims based on the wrongful curtailment lawsuit are barred by limitations.

### *Damage to the Leasehold Lawsuit*

Any cause of action appellants possessed relating to the damage to the leasehold lawsuit would have necessarily accrued when Dow damaged Wagner & Brown's wells on appellants' properties. *See id.* at 885. Wagner & Brown filed suit and successfully maintained their cause of

action against Dow as of September 30, 1988. Accordingly, damages must have occurred during or prior to September 1988. Appellants did not assert a cause of action based on the Dow lawsuit until December 30, 1992. Absent a valid defense, the statute of limitations had run. Originally, appellants asserted that estoppel, quasi-estoppel, and the discovery rule bar Wagner & Brown's limitations defense. For the same reasons previously stated, appellants' claims based on Wagner & Brown's lawsuit against Dow are barred by limitations.

## CONCLUSION

The law in Texas is well-settled that royalty owners are not entitled to receive a share of take-or-pay proceeds from a lessee. Those proceeds are paid to reserve the purchaser's right to claim the gas at a later date by making up the difference between the amount paid under the take-or-pay clause and the contract price of the gas. Appellants failed to distinguish their situation from *Finkelstein*. Accordingly, this Court finds no reason to disturb the trial court's grant of summary judgment on that point. The remaining two claims are barred by limitations and no defenses exist that could effectively rescue either claim. For the foregoing reasons, we affirm the trial court's grant of summary judgment.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

10

Filed:   March 8, 2001

Do Not Publish